UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:08 CV 341 JM |
| ) | |
| J. DAVID DONAHUE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Jeffrey L. Smith, Jr., a *pro se* prisoner, filed an amended complaint (Amended Complaint, Docket # 17) asserting his prison file contains false information that he is wanted for rape on an outstanding warrant. Smith contends the four (4) defendants, including Governor Mitch Daniels, violated his right to be free from cruel and unusual punishment under the Eighth Amendment, because they know the information is false and have not corrected it. Smith also alleges the defendants' actions deprived him of due process. (Amended Complaint, Docket # 17).

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief

can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted). [1]

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n. 3 (quotation marks and citation omitted). Nevertheless,

---

[1] *See also: Ashcroft v. Iqbal*, 556 U.S.___, 2009 WL 1361536 (2009) (explaining *Twombly*).

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

## BACKGROUND

Smith alleges that Linda Jeffers labeled him a rapist in 2007, despite knowing that to be untrue because in 1999 a prosecutor had informed her the information that Smith faced a rape charge was false. Smith advised defendant Commissioner Donahue by letter that the Indiana Department of Corrections' ("IDOC") information about him regarding a warrant for rape is untrue: the prisoner against whom the rape charge was lodged is "Jeff W. Smith," a black man, but the plaintiff is "Jeff L. Smith," a white man. (Docket # 17 at 3-4). As a result of being labeled a rapist, Smith states he was "beat up and hurt badly." The treatment rapists receive in prisons is "common knowledge," Smith declares. Also in 2007 Smith says an unknown counselor asked him about the rape case. When Smith told him it involved another "Jeff Smith" the counselor refused to believe him and characterized the Plaintiff's paperwork as false."He didn't care," Smith complains. Smith further contends the Governor told his family he would personally "fix" any further problems with the rape case. (Docket # 17 at 4).

3

## DISCUSSION

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). The Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Under the subjective test, Smith must allege that the defendants were deliberately indifferent to a serious risk of substantial harm. They need not intend harm, but they must know an excessive risk to the plaintiff's health and safety exists. *Id.*, at 37. The question of the defendants' culpability is subjective, but the risk involved is evaluated on an objective basis. Negligence does not satisfy the "deliberate indifference" standard, however. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). And, it is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Liberally construing the complaint, Smith asserts the defendants failed to protect him by not correcting his record, and the inaccurate information that he is a rapist puts him at risk of future attacks. Smith alleges Jeffers labeled him a rapist knowing that was untrue. As a result Smith says he was beat up and badly hurt. (Docket # 17 at 3-4). Accepting Smith's allegations as true, Jeffers knew the information about the rape warrant was false yet she labeled Smith a rapist. Smith's assertion the treatment rapists receive is common knowledge implies that Smith maintains the risk of violence to someone labeled a rapist is greater than the unavoidable general risk of prison violence.

However, the vague threat presented by Smith's inaccurate characterization as a rapist alludes to no more than an unforeseeable random act. Even if Jeffers knew Smith was beaten (and he makes no claim that she did), the common knowledge she presumably possessed about the treatment of rapists did not provide adequate notice of the risk of another attack against Smith or the reasons for it. *Compare: Klebanowski v. Sheahan*, 540 F. 3d 633, 639-640 (7th. Cir. 2008)(deciding prisoner's general expression of fear and request for transfer was insufficient notice to defendants of specific threat despite their knowledge of prior attack). *See also: Grieverson v. Anderson*, 538 F. 3d 763, 776-77 (7th Cir. 2008)(finding prisoner's multiple emergency hospitalizations were insufficient to notify officers of substantial risk where plaintiff only told them he wanted to move because he was afraid but never revealed who assaulted him, the reason why they assaulted him, or that he felt those individuals posed a continuing threat). Without a showing that Jeffers had sufficient notice of threatened harm, Smith

does not state a claim of deliberate indifference. While Smith's allegation that Jeffers falsely labeled him a rapist constitutes slander, claims for slander or defamation are not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."

Smith does not allege that either the Governor or Commissioner labeled him a rapist and it is not reasonable to infer they did.

> The assumption underlying this choice of defendants – that anyone who knew or should have known of his eye condition, and everyone higher up the bureaucratic chain must be liable – is a bad one. . . . Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.

*Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009)(citation omitted).

That the Governor and Commissioner may have known Smith had a security classification problem does not make them liable to him for not correcting it (that the Governor promised to "fix" it notwithstanding):

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to

6

> relegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citation omitted).

> Burks's contention that any public employee who knows (or should know) about a wrong must do something to fix it is just an effort to evade, by indirection, *Monell's* rule that public employees are responsible for their own misdeeds but not for anyone else's. Section 1983 establishes a species of tort liability, and one distinctive feature of this nation's tort law is that there is no general duty of rescue. *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989), shows that this rule applies to constitutional tort law, as to private tort law, for DeShaney holds that a public employee who knows about a danger need not act to avert it. As we remarked in *Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008), "there is an exception for the case in which [a public employee] is responsible for creating the peril that creates an occasion for rescue, as when, having arrested a drunken driver, [a police] officer removes the key from the ignition of his car, as a result stranding the passengers late at night in an unsafe neighborhood, and he does nothing to protect them". But Salinas did not create the peril facing Burks or do anything that increased the peril, or made it harder for Burks (or anyone else) to solve the problem. The most one can say is that Salinas did nothing, when she might have gone beyond the requirements of her job and tried to help him. A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to supply a gratuitous rescue service.

*Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (parallel citations omitted, brackets in original). "Section 1983 does not establish a system of vicarious responsibility." *Burks v. Raemisch*, 555 F.3d at 593. Smith fails to state a claim against either Governor Daniels or Commissioner Donahue.

John Doe will be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation

back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

## DUE PROCESS CLAIM

Smith alleges the defendants denied him due process by placing him in a higher security level facility on the basis of false information. The Plaintiff may be attempting to assert a claim under the Fourteenth Amendment, which provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. A prison's decision to transfer an inmate to more restrictive confinement does not implicate a liberty interest protected by due process unless the transfer is for an indefinite period and affects the prisoner's parole eligibility. *See Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008).

Smith does not allege and it is not reasonable to infer his placement at a higher security facility extended the duration of his confinement, is indefinite, or affects his parole eligibility. Therefore, his allegation that the defendants violated his rights to due process does not state a claim. *Wilkinson v. Austin*, 545 U.S. 209, 214 (2005).

## PRIVACY CLAIM

Smith alleges that the Governor and Jeffers also violated the "privacy act." However, the United States Supreme Court has recognized "that loss of freedom of choice and loss of privacy are inherent incidents of confinement."*Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). This allegation does not state a claim.

## CONCLUSION

Therefore, the Court **DISMISSES** the complaint pursuant to U.S.C. § 1915A because it fails to state a claim upon which relief may be granted.

**SO ORDERED.**

Date: June 19, 2009

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT